UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY VERNATTER,    )
    )
    Petitioner,    )
    )
    v.    )    CAUSE NO. 3:18-CV-149-JD-MGG
    )
WARDEN,    )
    )
    Respondent.    )

OPINION AND ORDER

Randy Vernatter, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (STP 17-12-28) where a Disciplinary Hearing Officer (DHO) found him guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction (IDOC) policy B-220 on December 7, 2017. ECF 2 at 1. As a result, Vernatter was sanctioned with the loss of 90 days earned credit time, which was suspended, and a one-step demotion in credit class. *Id*. The Warden has filed the administrative record and Vernatter has filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

In this case, Vernatter was found guilty of violating IDOC offense B-220, which prohibits inmates from "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of

identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Furthermore, IDOC's Manual of Policies and Procedures, Number 04-01-104, Section IX states in relevant part that: "[o]ffenders found to be attempting or completing financial transactions, including the sending of monies from one offender to another or the sending of monies from the family/friends of one offender to another, shall be subject to disciplinary action." ECF 8-1 at 4.

> Investigator Stevens wrote a conduct report charging Vernatter as follows:
>
> On 12/4/17 at approximately 0930 I, Investigator Stevens, conducted a review of Offender Randy Vernatter #167533 financial transfers on JPay. During the review a transaction occurred on 9/22/17 from Elena Baker in the amount of $80.00 to Randy Vernatter's account. Elena Baker is on the Counselor's Approved List for another offender at HTCF (Charles Boyd #106502). End of Report.

ECF 8-1 at 1.

On December 4, 2017, Vernatter was notified of the charge when he was served with the conduct and screening reports. ECF 8-1 at 1, ECF 8-2 at 1. During his screening, Vernatter did not request any witnesses or physical evidence. ECF 8-2 at 1. However, he did request the assistance of a lay advocate and one was provided for him. ECF 8-3 at 1.

Vernatter's disciplinary hearing was held on December 7, 2017. ECF 8-5 at 1. The hearing officer recorded Vernatter's oral statement: "Only people that should send me money are my emergency contacts. Charles Boyd is my old lady's nephew, his wife sent

me money." *Id*. On the basis of the conduct report and a photo of Vernatter's prison account summary documenting the unauthorized financial transaction, the hearing officer found Vernatter guilty of violating offense B-220. *Id*.

In his petition, Vernatter argues there are three grounds which entitle him to habeas corpus relief. ECF 2 at 2-3. In his first ground, he claims his due process rights were violated because he was improperly denied the services of a lay advocate. ECF 2 at 2. However, contrary to his claim, the record unequivocally shows that Christopher Cooley was assigned to be Vernatter's lay advocate. ECF 8-3 at 1. In any event, he was not entitled to the services of a lay advocate in this case. A lay advocate is only required when the inmate is illiterate or the issues in a case are complex. *Wolff*, 418 U.S. at 570; see also *Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992). As reflected in his petition and traverse, Vernatter is not illiterate. Neither was this a complex case. In other words, Vernatter clearly understood the facts of what happened and was capable of explaining why he did not believe he should have been found guilty. While he was not entitled to a lay advocate, one was provided for him. Therefore, Vernatter's first ground does not state a basis for granting habeas corpus relief.

In his second ground, Vernatter asserts his due process rights were violated because there was insufficient evidence of his guilt. ECF 2 at 2. In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Investigator Steven explained that, on December 4, 2017, he conducted a review of

Vernatter's financial transactions in his J-Pay account. ECF 8-1 at 1. The review showed that Elena Baker made an $80.00 deposit into Vernatter's J-Pay account on September 22, 2017. *Id*. Steven determined that Baker's deposit into Vernatter's account was not authorized because she was not on Vernatter's approved visitor's list. *Id*. Instead, Baker was on the approved visitor's list for another offender, Charles Boyd, who resides at the same prison. *Id*. A photo of Vernatter's prison account summary documented the financial transaction and is consistent with the conduct report. ECF 8-1 at 2.

Furthermore, at the hearing, Vernatter acknowledged that the J-Pay transaction from Baker took place. ECF 8-5 at 1. Specifically he stated: "Only people that should send me money are my emergency contacts. Charles Boyd is my old lady's nephew, his wife sent me money." *Id.*; *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007) (in assessing the sufficiency of the evidence, the court "need look no further than one key piece of evidence: [his] confession"). Here, the evidence is undisputed that Baker, who is on Boyd's visitor's list, transferred $80.00 into Vernatter's J-Pay account. Given the conduct report and Vernatter's acknowledgment that he received money from Baker, there was more than "some evidence" to support the hearing officer's finding that Vernatter was guilty of violating offense B-220.

Nevertheless, Vernatter argues there was insufficient evidence for the hearing officer to find him guilty. ECF 2 at 2. In this regard, he explains he did not send or receive any numbers to facilitate a financial transaction and he did not have any control over the deposits made into his J-Pay account. *Id*. But here Vernatter is simply inviting

the court to reweigh the evidence to gain a favorable outcome. However, the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." *McPherson*, 188 F.3d at 786. Rather, it is the court's role to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id*. Because the hearing officer considered all of the salient evidence, there was no violation of his due process rights. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). In other words, the hearing officer's finding that Vernatter violated offense B-220 was neither arbitrary nor unreasonable in this case. Therefore, Vernatter's second ground does not identify a basis for habeas corpus relief.

In his third ground, Vernatter argues there were a number of violations of the prison's internal rules or policies, which entitle him to habeas corpus relief. ECF 2 at 2-3. In this regard, he claims the screening officer, Sergeant Dunn, improperly served as a witness at the hearing, the incident date listed on the conduct report was incorrect, and he should not have been able to receive money in his J-Pay account from an individual on another offender's visitor's list. *Id*. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that

prison did not follow internal policies had "no bearing on his right to due process"). Therefore, Vernatter's third ground likewise fails to state a basis for granting habeas corpus relief.

Furthermore, to the extent Vernatter argues that his due process rights were violated because Sergeant Dunn served both as a screening officer and witness at the disciplinary hearing, that contention is without merit. ECF 2 at 2. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*. Though Sergeant Dunn played a few roles during the course of the disciplinary proceedings, he did not serve as the hearing officer. As such, Vernatter's claim for improper bias it not a basis for habeas corpus relief.

If Vernatter wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Randy Vernatter's petition for writ of habeas corpus is

DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on May 22, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT